IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES CLAY WILSON, #521150, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0041-O |
| | ) | |
| LISA MATZ, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983. Plaintiff neither paid the filing fee nor sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He filed, however, a certified statement of the balance in his inmate trust account, reflecting that he is indigent.

Parties: Plaintiff is currently confined at the Ellis I Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Defendants are former Dallas County Clerk Lisa Matz, former Grand Jury Foreman E.F. Kenningham, Jury Foreman W.K. Cramer, Trial Attorney John Stauffer, and Appellate Attorney John Tatum. The Court has not issued process in this case, pending preliminary screening.

Statement of Case: Plaintiff complains of denial of access to the courts, cruel and unusual punishment, and ineffective assistance of counsel in connection with his conviction and

enhanced forty-five year sentence for theft in Cause No. F89-96891-VR. He seeks monetary relief.[1]

Findings and Conclusions: The Prison Litigation Reform Act (PLRA), enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

A review of the U.S. Party and Case Index reflects that this court dismissed one of Plaintiff's prior civil rights actions as barred by three strikes. *Wilson v. Matz, et al.,* 3:06cv1916 (N.D. Tex., Dallas Div., Nov. 4, 2006). The court concluded that Plaintiff had on three prior occasions, while incarcerated or detained, brought an action that was dismissed on the grounds that it was frivolous or failed to state a claim upon which relief may be granted. Plaintiff did not appeal.

Because Plaintiff has accumulated at least three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time he files the complaint. *Banos v. O'Guin*, 144 F.3d 883, 884

---

[1] Contemporaneous with the filing of the complaint, Plaintiff submitted a motion to amend the complaint to allege additional claims against his trial and appellate counsel. Since no process has been issued in this case, Plaintiff is entitled to amend his complaint at the present time. Rule 15(a), of the Federal Rules of Civil Procedure, provides that"[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."

(5th Cir. 1998). The complaint presents no claim that he was in danger of any physical injury at the time of filing the same. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). *See also Banos*, 144 F.3d at 883-84. Moreover, it is clear that any claim related to his underlying criminal conviction, and that occurred over fifteen years ago cannot allege facts giving rise to a claim of "imminent danger of serious physical injury." Therefore, the District Court should bar Plaintiff from proceeding *in forma pauperis* and dismiss his complaint as barred by three strikes unless he pays the full filing fee of $350.00 within the next ten days. *See Adepegba*, 103 F.3d at 388.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's motion to amend the complaint (Doc. #2) be GRANTED, that the District Court BAR Plaintiff from proceeding *in forma pauperis*, and that the Court DISMISS this action as barred by three strikes under 28 U.S.C. § 1915(g), unless Plaintiff tenders the $350.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 17th day of January, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.